IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-2-D-1
No. 4:11-CV-163-D

| | |
|---|---|
| KENNETH EARL WOOTEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 22, 2010, pursuant to a written plea agreement [D.E. 21], Kenneth Earl Wooten ("Wooten" or "petitioner") pleaded guilty to possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) [D.E. 20]. On October 5, 2010, the court sentenced Wooten to 180 months' imprisonment after concluding that Wooten met the requirements set forth in 18 U.S.C. § 924(e)(1) and thus faced a statutory minimum sentence of fifteen years' imprisonment [D.E. 23–24]. On September 30, 2011, Wooten timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and attached a supporting memorandum [D.E. 26, 26-1]. On October 17, 2011, to correct a deficiency in the original motion, Wooten refiled the motion and the supporting memorandum [D.E. 30, 30-1]. On January 4, 2012, the United States ("government" or "respondent") filed a motion to dismiss or, in the alternative, for summary judgment [D.E. 36] and a supporting memorandum and exhibits [D.E. 36, 37]. On January 20, 2012, Wooten responded in opposition to the government's motion [D.E. 39]. As explained below, the court grants the government's motion for summary judgment and denies Wooten's motion to vacate, set aside, or correct his sentence.

I.

Wooten contends that his sentence is invalid in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See Def.'s Mem. Supp. Mot. 2. In Simmons, the Fourth Circuit held that, for a North Carolina conviction to serve as a predicate felony conviction for a sentencing enhancement under the Controlled Substances Act, the defendant must have actually faced a possible sentence of more than one year's imprisonment for the North Carolina conviction under applicable North Carolina law. See Simmons, 649 F.3d at 243–47. Wooten apparently argues that, under Simmons, he had not been convicted of an offense punishable by more than one year's imprisonment at the time of his 2010 federal conviction. See Def.'s Mem. Supp. Mot. 3. Thus, Wooten contends that the court improperly applied the section 924(e)(1) penalty enhancement in his case. Id.[1]

Assuming without deciding that Simmons applies retroactively to cases on collateral review, Wooten's argument fails. An individual who violates section 922(g) is subject to a statutory maximum term of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, if the individual violates section 922(g)(1) "and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, [the individual] shall be . . . imprisoned not less than fifteen years . . . ." Id. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." Id. § 924(e)(2)(B). Relevant here, a "serious drug offense" is "an offense under State law, involving

---

[1] Wooten does not assert that he is actually innocent of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Def.'s Mem. Supp. Mot. 2–3; Def.'s Resp. Opp'n Mot. Dismiss 2–4. To the extent Wooten intends to attack the validity of his federal conviction, such an attack fails for the same reasons that Wooten's attack of his federal sentence fails. Additionally, to the extent Wooten objects to how the court calculated his advisory Guideline range under section 4B1.4, see Def.'s Mem. Supp. Mot. 2, such an argument also fails. Although the court considered the advisory Guidelines when it sentenced Wooten, it imposed the minimum sentence required by statute.

2

manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ." Id. § 924(e)(2)(A)(ii).

To determine whether a North Carolina conviction is for a "serious drug offense," the court considers whether, when the defendant incurred the North Carolina conviction, the statutory maximum term of imprisonment was ten years or more. See McNeill v. United States, 131 S. Ct. 2218, 2221–22 (2011). This is true despite the North Carolina General Assembly's 1994 revisions to North Carolina's sentencing statutes. See State v. Garnett, 706 S.E.2d 280, 288 (N.C. Ct. App. 2011), disc. review denied, 710 S.E.2d 31 (2011); State v. Branch, 134 N.C. App. 637, 639–40, 518 S.E.2d 213, 214–15 (1999); see also N.C. Gen. Stat. § 15A-1340.10. Regardless, section 924(e)(2)(A)(ii) "requires a federal sentencing court to consult the maximum sentence applicable to a defendant's previous drug offense at the time of his conviction for that offense." McNeill, 131 S. Ct. at 2221–22.

Simmons has no bearing on whether a North Carolina conviction is for a "serious drug offense" as defined in section 924(e)(2)(A)(ii). "Whether or not a predicate state conviction is [for] a serious drug offense . . . is not dependent on the sentence that could have been received by a particular defendant, but rather what the law of the state prescribes as the maximum punishment for a particular offense." Upchurch v. United States, Nos. 5:02-CR-118-BO, 5:12-CV-40-BO, 2012 WL 1555433, at *1 (Apr. 30, 2012 E.D.N.C.) (unpublished); see 18 U.S.C. § 924(e)(1). However, Simmons is relevant to determining whether a conviction is for a "violent felony" as defined in section 924(e)(2)(B). See United States v. Spanger, 458 F. App'x 237, 238 (4th Cir. 2011) (per curiam) (unpublished). After Simmons, a conviction qualifies as a "violent felony" only if the conviction meets the requirements stated in section 924(e)(2)(B) and if the defendant had been "eligible for [a term of imprisonment exceeding one year] under the applicable statutory scheme, taking into account his criminal history and the nature of his offense." Id. For North Carolina

3

offenses committed before October 1, 1994, the "applicable statutory scheme" is North Carolina's pre-October 1, 1994 sentencing statutes. See United States v. Harris, 458 F. App'x 297, 299 (4th Cir. 2011) (per curiam) (unpublished).

At the time of his 2010 federal sentencing, Wooten had incurred at least three North Carolina convictions for serious drug offenses or violent felonies. On October 3, 1989, Wooten pleaded guilty in Edgecombe County, North Carolina Superior Court to breaking and entering. See Gov't Mem. Supp. Mot. Dismiss, Ex. 2 ("Oct. 3, 1989 Judgment") 1. The presumptive sentence for this offense, under applicable North Carolina law, was three years' imprisonment. Id.[2] Thus, Wooten's offense was "punishable by imprisonment for a term exceeding one year . . . ." 18 U.S.C. § 924(e)(2)(B); see also Simmons, 649 F.3d at 247. Additionally, "a North Carolina conviction for 'breaking or entering' . . . is, as a matter of law, a 'violent felony' within the meaning of [section 924(e)(2)(B)]." United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009). Accordingly, this conviction was for a "violent felony" and serves as a predicate offense for the purposes of section 924(e)(1).

On March 9, 1990, Wooten pleaded no contest in Edgecombe County, North Carolina Superior Court to common law robbery. See Gov't Mem. Supp. Mot. Dismiss, Ex. 3 ("Mar. 9, 1990 Judgment") 1. The presumptive sentence for this offense, under applicable North Carolina law, was three years' imprisonment. Id. The maximum sentence for this offense, under applicable North Carolina law, was ten years' imprisonment. Id. When the state court sentenced Wooten, it found the existence of aggravating factors, and thus imposed a sentence of ten years' imprisonment. Id. 1, 3. Thus, Wooten's offense was "punishable by imprisonment for a term exceeding one year . .

---

[2] Under North Carolina's pre-October 1, 1994 sentencing scheme, for each offense, there is a presumptive term of imprisonment and a maximum term of imprisonment. See State v. Hemby, 333 N.C. 331, 334–36, 426 S.E.2d 77, 78–79 (1993). To impose a sentence other than the presumptive term of imprisonment, the sentencing court had to make findings as to aggravating or mitigating factors. See id., 426 S.E.2d at 78–79. Accordingly, pursuant to Simmons, unless the state court made findings as to aggravating or mitigating factors, the court considers the presumptive term of imprisonment for a North Carolina offense committed before October 1, 1994, to determine whether the conviction is a felony for federal law purposes.

4

. ." 18 U.S.C. § 924(e)(2)(B); see also Simmons, 649 F.3d at 247. Additionally, "North Carolina common law robbery involves conduct that presents a serious potential risk of physical injury to another and therefore is properly considered [a section 924(e)(1)] predicate." United States v. Robinson, No. 11-4913, 2012 WL 1111302, at *1 (4th Cir. Apr. 4, 2012) (per curiam) (unpublished), cert. denied, 132 S. Ct. 2733 (2012). Accordingly, this conviction was for a "violent felony" and serves as a predicate offense for the purposes of section 924(e)(1).

On July 20, 1992, Wooten pleaded no contest in Edgecombe County, North Carolina Superior Court to selling and delivering crack cocaine and possession with intent to sell and deliver cocaine. See Gov't Mem. Supp. Mot. Dismiss, Ex. 4 ("July 20, 1992 Judgment") 1. The presumptive sentence for each offense, under applicable North Carolina law, was three years' imprisonment. Id. The maximum sentence for each offense, under applicable North Carolina law, was ten years' imprisonment. Id. When the state court sentenced Wooten, it found the existence of aggravating factors, and thus imposed a sentence for both offenses of ten years' imprisonment. Id. 1, 3. Thus, the "maximum term of imprisonment" prescribed by law for these offenses is "ten years or more . . . ." 18 U.S.C. § 924(e)(2)(A)(ii). Additionally, each offense involved "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . ." Id. Accordingly, these convictions were for "serious drug offense[s]," id. § 924(e)(2)(A) (quotation omitted), and, because the offenses were committed simultaneously, see id. § 924(e)(1), they serve as a single predicate offense for purposes of section 924(e)(1).

On January 20, 1994, Wooten pleaded guilty in Edgecombe County, North Carolina Superior Court to two counts of selling or delivering cocaine. See Gov't Mem. Supp. Mot. Dismiss, Ex. 5 ("Jan. 20, 1994 Judgment") 1, 3. The presumptive sentence for these offenses, under applicable North Carolina law, was three years' imprisonment. Id. The maximum sentence for these offenses, under applicable North Carolina law, was ten years' imprisonment. Id. When the state court sentenced Wooten for one of the offenses, it imposed a term of three years' imprisonment. Id. 1.

5

When the state court sentenced Wooten for the other offense, it found the existence of aggravating factors, and thus imposed a consecutive sentence of ten years' imprisonment. Id. 1, 3, 5. Thus, the "maximum term of imprisonment" prescribed by law for these offenses was "ten years or more . . . ." 18 U.S.C. § 924(e)(2)(A)(ii). Additionally, each offense involved "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . ." Id. Accordingly, these convictions were for "serious drug offense[s]," id. § 924(e)(2)(A) (quotation omitted), and, because the offenses were committed simultaneously, see id. § 924(e)(1), they serve as a single predicate offense for purposes of section 924(e)(1).

In sum, when the court sentenced him in 2010, Wooten had incurred at least three convictions for "serious drug offense[s]" or for "violent felon[ies]" and the court correctly determined that Wooten was subject to the 924(e)(1) penalty enhancement. 18 U.S.C. § 924(e)(1)–(2). Moreover, Simmons does not render Wooten's sentence invalid. Thus, Wooten's section 2255 motion fails. Because Simmons does not entitle Wooten to relief, the court need not consider the government's argument that Wooten waived his right to collaterally attack his conviction and sentence. See Gov't Mem. Supp. Mot. Dismiss 3–4; see also United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

After reviewing the claims presented in the section 2255 motion in light of the applicable standard, the court finds that reasonable jurists would not find the court's treatment of any of Wooten's claims debatable or wrong and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied. See 28 U.S.C. § 2253.

II.

The court GRANTS the government's motion for summary judgment [D.E. 36], and DENIES Wooten's motion to vacate, set aside, or correct his sentence [D.E. 30]. The court DENIES a certificate of appealability.

6

SO ORDERED. This 18 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge