IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-2-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KENNETH EARL WOOTEN, ) | |
| ) | |
| Defendant. ) | |

On September 23, 2020, Kenneth Earl Wooten ("Wooten" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 72]. On January 24, 2022, the government responded in opposition [D.E. 88]. As explained below, the court denies Wooten's motion.

I.

On June 22, 2010, pursuant to a written plea agreement, Wooten pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). See [D.E. 20, 21]. On October 5, 2010, the court held Wooten's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 23, 24]; PSR [D.E. 49]. After concluding Wooten was an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), the court calculated Wooten's total offense level to be 30, his criminal history category to be VI, and his advisory guideline range to be 180 to 210 months' imprisonment. See PSR ¶¶ 58–59. The court then thoroughly considered the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), and the court sentenced Wooten to a statutory-minimum sentence of 180 months'

imprisonment. See [D.E. 24] 2; see also 18 U.S.C. § 924(e)(1). Wooten did not appeal.

On October 17, 2011, Wooten moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence, arguing he was no longer an armed career criminal due to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 30]. On August 20, 2012, the court granted the government's motion for summary judgment, denied Wooten's section 2255 motion, and denied a certificate of appealability. See Wooten v. United States, No 4:10-CR-2-D-1, 2012 WL 3594619 (E.D.N.C. Aug. 20, 2012) (unpublished). Wooten did not appeal. On July 3, 2014, Wooten moved for reconsideration under Federal Rule of Civil Procedure 60(b)(6). See [D.E. 42]. On January 12, 2015, the court dismissed Wooten's motion because Wooten had not received authorization from the Fourth Circuit to file a Rule 60(b)(6) motion. See [D.E. 43].

On November 18, 2019, Wooten filed an unauthorized successive section 2255 motion, arguing his felon-in-possession conviction was improper due to Rehaif v. United States, 139 S. Ct. 2191 (2019). See [D.E. 61]. On May 12, 2020, the court stayed the action pending additional appellate proceedings in United States v. Gary, 954 F.3d 194 (4th Cir. 2020). See [D.E. 70]. On November 17, 2021, after the Supreme Court reversed Gary in Greer v. United States, 141 S. Ct. 2090 (2021), Wooten withdrew his successive section 2255 motion. See [D.E. 83].

Wooten seeks compassionate release. See [D.E. 72]. The government opposes the motion. See [D.E. 88].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the

2

defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of

---

       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

       (ii) The defendant is—

           (I) suffering from a serious physical or medical condition,

           (II) suffering from a serious functional or cognitive impairment, or

           (III) experiencing deteriorating physical or mental health because of the aging process,

       that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)  Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., United States v. Hargrove, 30 F.4th 189, 194–95, 198–200 (4th Cir. 2022); McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

5

On July 13, 2020, Wooten applied to the warden at FCI Edgefield for compassionate release. See [D.E. 88-4]. On September 17, 2020, the warden denied Wooten's request. See [D.E. 88-5]. Therefore, Wooten has met the exhaustion requirement, and the court addresses his motion on the merits. See United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021).

Wooten seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his age (59 years old), his health conditions, and his rehabilitation efforts. See [D.E. 72] 3–4.[2] As for the medical condition of the defendant policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Wooten cites chronic medical conditions that he argues make him "especially susceptible to vulnerability to COVID-19," including arthritis, high blood pressure, diabetes, nerve pain, trigger finger, and his need for a knee replacement. [D.E. 72] 4; see [D.E. 72-1]; [D.E. 88-4]. Wooten also states that he takes medications that make him immunocompromised. See [D.E. 72-1]; [D.E. 88-4]. Moreover, Wooten cites the difficulty of controlling COVID-19 in prison and argues he would be unable to properly attend to his medical needs should he contract COVID-19. See [D.E. 72] 4.

Wooten has received two doses of a COVID-19 vaccine, thereby reducing his risk of serious infection from COVID-19. See [D.E. 88-3]; see, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not

---

[2] Although Wooten argues "that he has exhibited an exemplary and extraordinary record as a testament of his character and efforts," [D.E. 72] 3, Wooten does not describe what programming or rehabilitation efforts he has undertaken while in federal custody.

6

rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), petition for cert. filed, No. 21-6594 (U.S. Dec. 15, 2021); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Furthermore, Wooten does not argue he is unable to manage his health conditions while incarcerated or that the BOP is not treating his conditions. Accordingly, reducing Wooten's sentence does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Wooten cites his age as a reason to grant compassionate release. See [D.E. 72] 3–4. Under the "age of the defendant" policy statement, a defendant may warrant compassionate release if he "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health

7

because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B). Wooten, however, is 59 years old and does not plausibly argue he is experiencing a serious deterioration in his physical or mental health due to the aging process. Accordingly, reducing Wooten's sentence does not comport with application note 1(B). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Wooten's health conditions, his age, and his rehabilitation efforts are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, Wooten's vaccinated status greatly diminishes the risk to Wooten from COVID-19. See, e.g., Jacques, 2022 WL 894695, at *2; Scalea, 2022 WL 795425, at *1; Shettler, 2022 WL 620311, at *4; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Moreover, the section 3553(a) factors counsel against reducing Wooten's sentence. See Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Wooten is 59 years old and is incarcerated for being a felon in possession of a firearm. See PSR ¶¶ 1–3; [D.E. 24]. Wooten incurred this felon-in-possession conviction after he was arrested for selling a firearm and using the proceeds to buy crack cocaine for someone else. See PSR ¶¶ 3–4. Wooten has a substantial and violent criminal history dating back to age 25, including felony convictions for breaking and entering, uttering a forged instrument, common law robbery (Wooten

8

robbed a store at gunpoint), selling or delivering cocaine and crack cocaine (four counts), possession with intent to sell and deliver cocaine (two counts), and possession of cocaine (two counts). See id. ¶¶ 6–25. Wooten also has numerous misdemeanor convictions, including for resisting or obstructing a public officer (three counts), receiving or possessing stolen property (two counts), and possessing drug paraphernalia (two counts). See id. Wooten has a poor record on supervision and committed his federal offense less than two years after his most recent release from state custody. See id. ¶¶ 7, 8, 11, 19, 28. Moreover, Wooten has incurred multiple, serious infractions while federally incarcerated, including for telephone abuse, possession and use of drugs or alcohol (two counts), possessing an unauthorized item, refusing to obey an order, being absent from an assignment (two counts), and being unsanitary. See [D.E. 88-1].

The court must balance Wooten's positive efforts while federally incarcerated with his serious criminal conduct and horrible criminal history, his serious violations in federal custody, his poor performance on supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Wooten's potential exposure to COVID-19, his medical conditions, his age, and his rehabilitative efforts. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Wooten's arguments, the government's persuasive response, the need to punish Wooten for his serious criminal behavior, to incapacitate Wooten, to promote respect for the law, to deter others, and to protect society, the court denies Wooten's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at

9

187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

To the extent Wooten cites the BOP's program for releasing elderly offenders on home detention, 34 U.S.C. § 60541, see [D.E. 72] 5, "the Second Chance Act has no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)." United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (unpublished); see Lopez-Diaz v. United States, No. 1:20-cv-00863-JMC, 2020 WL 2832276, at *2–3 (D.S.C. June 1, 2020) (unpublished). The same conclusion holds true for Wooten's request for home confinement under the CARES Act. See [D.E. 72] 1; see also United States v. Simon, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) (per curiam) (unpublished); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021); United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."). To the extent Wooten asks the court merely to recommend home confinement to the BOP, the court declines.

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 72].

SO ORDERED. This 25 day of April, 2022.

JAMES C. DEVER III
United States District Judge